IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MIKE BOULTER,<br>RALPH NIX PRODUCE, INC., and<br>BARCLAY FARMS, LLC,<br><br>on behalf of themselves and classes of<br>similarly situated persons,<br><br>   Plaintiffs,<br>v.<br><br>KERR-MCGEE OIL & GAS<br>ONSHORE, LP,<br><br>   Defendants. | Civil Action No.: 24-CV-1459-SKC-KAS |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Mike Boulter, Ralph Nix Produce, Inc., and Barclay Farms LLC (collectively, "Plaintiffs"), on behalf of themselves and the classes defined below, for their Class Action Complaint against Defendant Kerr-McGee Oil & Gas Onshore, LP ("Kerr-McGee" or "Defendant"), allege:

## INTRODUCTION

1. This is the sixth in a series of class action lawsuits which Plaintiffs have filed against Defendant Kerr-McGee. In the first of the class action lawsuits, District Judge William Martinez dismissed Plaintiffs' class complaint without prejudice for failure to exhaust their breach of contract claims in the Colorado Oil and Gas Conservation Commission ("Commission"). Plaintiffs thereafter filed three additional class complaints within ninety days of this Court's dismissal orders, pursuant to C.R.S. § 13-80-111, the Colorado remedial revival statute, in order to toll the remainder of the applicable six-year statute of limitation of Plaintiffs, and the Class Members' breach of contract claims against the Defendants. With respect to the fourth dismissal

1

order issued by this Court, District Judge Daniel D. Domenico, in contrast to the other preceding dismissals "without prejudice," dismissed the *Boulter IV* class complaint "with prejudice." Plaintiffs challenged the "with prejudice" dismissal in their appeal to the Tenth Circuit. The Tenth Circuit vacated the "with prejudice" dismissal with instructions that such dismissal order should be corrected to reflect that it was without prejudice. (February 14, 2024 Order and Judgment, Appeals Case No. 23-1118, p. 13).

2.      Prior to the conclusion of the Tenth Circuit appeal, Plaintiffs completed the process of exhausting their breach of contract claims in the Commission by obtaining an Order from the Commission determining that the Commission does not have jurisdiction to decide Plaintiffs' breach of contract claims against Defendant. (*See* Nov. 7, 2023 Order and Judgment Declining Jurisdiction, attached as Exhibit 1).

3.      This current action against Defendant Kerr-McGee is a result of the claims against Kerr-McGee being severed from Noble Energy Inc., in the case titled *Boulter et al v. Noble Energy Inc.*, case number 1:24-cv-00710-SKC-KAS, pursuant to the order entered by Judge S. Kato Crews on May 24, 2024. (ECF No. 33).

## CLASS DEFINITION

4.      Plaintiffs, pursuant to Fed. R. Civ. P. 23(b)(3), bring this action on behalf of themselves and the following Subclasses, consisting of:

## KERR-MCGEE SUBCLASS I

5. Plaintiffs Mike Boulter and Ralph Nix Produce, Inc. bring this action on behalf of themselves and the Subclass ("Kerr-McGee Subclass I") defined as follows:

> All persons to whom Kerr-McGee has paid royalties on oil produced from wells located in the State of Colorado since April 1, 2014, pursuant to leases or overriding royalty agreements which require Kerr-McGee to "…deliver to the credit of lessor, free of cost, in the pipe line to which lessee may

connect [his] wells on said land, the equal [a specified percentage] part of all oil produced and saved from the leased premises."

The Kerr-McGee Subclass I excludes: (a) the United States; and (b) Kerr-McGee and its affiliated entities, and their respective employees, officers, and directors.

### **KERR-MCGEE SUBCLASS II**

6. Plaintiff Barclay Farms, LLC brings this action on behalf of itself and the Subclass ("Kerr-McGee Subclass II") defined as follows:

All persons to whom Kerr-McGee has paid royalties on oil produced from wells located in the State of Colorado since April 1, 2014, pursuant to leases or overriding royalty agreements which require Kerr-McGee to "…deliver to the lessor as royalty, free of cost, on the lease, or into the pipeline to which lessee may connect its wells the equal [a specified percentage] part of all oil produced and saved from the leased premises, or at lessee's option [or election] may pay to the lessor for such [a specified percentage] royalty the market price for oil of like grade and gravity prevailing on the day such oil is run into the pipe line or into storage tanks."

The Kerr-McGee Subclass II excludes: (a) the United States; and (b) Kerr-McGee and its affiliated entities, and their respective employees, officers, and directors.

### **JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (a) Plaintiffs have brought this case as a class action; (b) each Subclass contains at least one Class member who is a citizen of a state different from the states where the Defendants are deemed to be citizens; and (c) the amount in controversy for the claims of the proposed Subclass members against the Defendant exceeds the sum of $5,000,000, exclusive of interest and costs.

8. This Court has personal jurisdiction over the Defendant because a substantial portion

3

of the acts and conduct of the Defendant giving rise to the claims asserted in this class action occurred in the State of Colorado, and the oil production at issue has been produced by the Defendant in the State of Colorado.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because the Defendant transacts business within this judicial district and a substantial part of the Defendant's conduct giving rise to the claims alleged in this class action occurred in this judicial district.

## PARTIES

10. Plaintiff Mike Boulter is a citizen of the State of Colorado, who resides in Greeley, Colorado.

11. Plaintiff Ralph Nix Produce, Inc. is a corporation incorporated under the laws of the State of Colorado, and its principal place of business is located in the State of Colorado.

12. Plaintiff Barclay Farms LLC is a Colorado limited liability company, whose members are considered citizens of the State of Colorado.

13. Defendant Kerr-McGee is a limited partnership organized under the laws of the State of Delaware, with its principal place of business located in the State of Texas. Because this is a class action case, Kerr-McGee is considered a citizen of the State of Delaware and the State of Texas for subject matter jurisdiction purposes under 28 U.S.C. § 1332(d)(20).

## KERR-MCGEE SUBCLASS I FACTUAL ALLEGATIONS

14. On July 1, 1970, Strong & Herren Farms, Inc., as lessor, entered into two oil and gas leases with Energy Minerals Corporation, as lessee, pertaining to leased premises located in Weld County, Colorado ("July 1, 1970 Leases").

4

15. Prior to January 1, 2014, the lessor's interests under the July 1, 1970 Leases were assigned to Plaintiff Ralph Nix Produce, Inc. Prior to April 1, 2014, the lessee's interests under the July 1, 1970 Leases were acquired by Kerr-McGee.

16. Each of the two July 1, 1970 Leases has an identical oil royalty provision under which Kerr-McGee has been obligated as follows:

> To deliver to the credit of lessor, free of cost, in the pipe line to which lessee may connect his wells, the equal one eighth (1/8th) part of all oil produced and saved from the leased premises.

17. On June 18, 1980, William Boulter, as lessor, entered into two oil and gas leases with Martin Exploration Management Corp., as lessee, pertaining to leased premises located in Weld County, Colorado ("June 18, 1980 Leases").

18. Prior to January 1, 2014, the lessor's interests under the two June 18, 1980 Leases were assigned to Plaintiff Mike Boulter. Prior to April 1, 2014, the lessee's interests under the two June 18, 1980 Leases were acquired by Kerr-McGee.

19. Each of the two June 18, 1980 Leases has an identical oil royalty provision, under which Kerr-McGee is obligated as follows:

> To deliver to the credit of the lessor, free of cost, in the pipe line to which Lessee may connect wells on said land the equal one-eighth (1/8) part of all oil produced and saved from the leased premises.

20. Since April 1, 2014, Kerr-McGee, in its calculation of royalties paid to Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter on oil sales subject to the July 1, 1970 Leases and the June 18, 1980 Leases, has consistently deducted from the sales price of the oil, various costs related to transporting the oil from the well to a transportation pipeline and various self-described "other costs" related to transporting the oil to a delivery point where the oil has been sold to third parties for a sales price.

5

21. The costs which Kerr-McGee improperly deducted from the selling price – which is equivalent to the market price – of the oil include, but are not limited to, costs which Kerr-McGee itself describes as gathering, transportation, and other deductions.

22. Kerr-McGee's deduction of the above-referenced costs in its calculation and payment of royalties paid to Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter on oil sales is not permitted under the Kerr-McGee Subclass I oil royalty provision referenced in the preceding paragraphs of this Class Action Complaint, and Kerr-McGee has materially breached its contractual obligations to Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and Kerr-McGee Subclass I under the above-referenced leases by taking such deductions.

23. Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter have sustained substantial damages as a result of Kerr-McGee's breaches of its contractual obligations to Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter under the July 1, 1970 Leases and the June 8, 1980 Leases.

24. In addition to Plaintiffs Ralph Nix Produce Inc. and Mike Boulter, there are numerous members of Kerr-McGee Subclass I who have had the contractual right to be paid royalties under the leases or overriding royalty agreements which contain or are subject to an oil royalty provision which is substantially identical to the Kerr-McGee Subclass I oil royalty provision set forth in the Kerr-McGee Subclass I Class Definition in Paragraph 5 of this Class Action Complaint.

25. Kerr-McGee, in its calculation and payment of royalties on oil sales to the members of Kerr-McGee Subclass I, has engaged in the same method of royalty accounting which it utilizes to pay royalties to Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter, in that Kerr-McGee has deducted from the sales price of the oil the various costs referenced in Paragraphs 20-22 of this Class Action Complaint.

26. Kerr-McGee, in deducting the above-referenced costs in its calculation of royalties paid to the members of Kerr-McGee Subclass I on oil sales, has materially breached its contractual obligations to the members of Kerr-McGee Subclass I under the leases and overriding royalty agreements described in the Kerr-McGee Subclass I definition in Paragraph 5 of this Class Action Complaint.

27. As a direct result of Kerr-McGee's breach of its contractual obligations to the members of Kerr-McGee Subclass I, the royalties owed to the members of Kerr-McGee Subclass I have been substantially underpaid, and the Kerr-McGee Subclass I members have sustained substantial damages.

## KERR-MCGEE SUBCLASS I CLASS ACTION ALLEGATIONS

28. The proposed Kerr-McGee Subclass I is so numerous that joinder of the Kerr-McGee Subclass I members is impracticable. On information and belief, there are more than five hundred members of the Kerr-McGee Subclass I.

29. There are questions of law and fact which are common to the claims of the Kerr-McGee Subclass I, including, but not limited to:

   a. Whether Kerr-McGee consistently deducted gathering, transportation, and other costs from the sales price of the oil in its calculation of royalties paid to Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter and Kerr-McGee Subclass I members;

   b. Whether Kerr-McGee's deduction of gathering, transportation, and other costs in its calculation of royalties paid to Kerr-McGee Subclass I members was in breach of its obligations to Plaintiff Ralph Nix Produce, Inc. and Mike Boulter and Kerr-McGee Subclass I under the Kerr-McGee Subclass I Leases and overriding royalty agreements at issue;

   c. Whether Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter and Kerr-McGee Subclass I members are entitled to recover applicable prejudgment interest, from the date of each alleged royalty underpayment through the date that such alleged royalty underpayments are reimbursed to Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter and Kerr-McGee Subclass I; and

    d. Whether Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter and Kerr-McGee Subclass I are entitled to a declaratory judgment determining that Kerr-McGee is not permitted to deduct the disputed costs at issue in its calculation of future royalties paid to Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter and Kerr-McGee Subclass I.

30. Plaintiffs Ralph Nix Produce, Inc.'s and Mike Boulter's claims are typical of the claims of the other members of Kerr-McGee Subclass I.

31. Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter will fairly and adequately protect the interests of Kerr-McGee Subclass I which they propose to represent. Plaintiffs Ralph Nix Produce, Inc.'s and Mike Boulter's interests are in accordance with, and not antagonistic to, the interests of the other members of the Kerr-McGee Subclass I which they seek to represent.

32. Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter are represented by counsel competent and experienced in the prosecution of royalty underpayment class action litigation.

33. The questions of law or fact common to the members of Kerr-McGee Subclass I predominate over any questions affecting only individual Kerr-McGee Subclass I members.

34. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## KERR-MCGEE SUBCLASS II FACTUAL ALLEGATIONS

35. On February 5, 1970, James and Winona Barclay, as lessors, entered into an oil and gas lease with D. Kirk Tracy, as lessee, pertaining to leased premises located in Weld County, Colorado ("the February 5, 1970 Lease").

36. Prior to April 1, 2014, the lessors' interests under the February 5, 1970 Lease were assigned to Plaintiff Barclay Farms LLC. Prior to April 1, 2014, the lessee's interests under the February 5, 1970 Lease were acquired by Kerr-McGee.

8

37. The February 5, 1970 Lease has an oil royalty provision under which Defendant Kerr-McGee is obligated as follows:

> The lessee shall deliver to lessor as royalty, free of cost, on the lease, or into the pipe line to which lessee may connect its wells the equal one-eighth part of all oil produced and saved from the leased premises, or at the lessee's option may pay to the lessor for such one-eighth royalty the market price for oil of like grade and gravity prevailing on the day such oil is run into the pipe line or into storage tanks.

38. Since April 1, 2014, Kerr-McGee, in its calculation of royalties paid to Plaintiff Barclay Farms, LLC on oil sales subject to the February 5, 1970 Lease, has consistently deducted from the market price of the oil, various costs related to transporting the oil from the well to a transportation pipeline and various self-described "other costs" related to transporting the oil to a delivery point where the oil has been sold to third parties for a market price.

39. The costs which Kerr-McGee improperly deducted from the market price of the oil include, but are not limited to, costs which Kerr-McGee itself describes as gathering, transportation, and other deductions.

40. Kerr-McGee's deduction of the above-referenced costs in its calculation and payment of royalties paid to Plaintiff Barclay Farms, LLC on oil sales is not permitted under the Kerr-McGee Subclass II oil royalty provision referenced in the preceding paragraphs of this Class Action Complaint, and Kerr-McGee has materially breached its contractual obligations to Plaintiff Barclay Farms, LLC under the above-referenced February 5, 1970 Lease by taking such deductions in its calculation and payment of royalties to Plaintiff Barclay Farms, LLC.

41. Plaintiff Barclay Farms, LLC has sustained substantial damages as a result of Kerr-McGee's breaches of its contractual obligations to Plaintiff Barclay Farms, LLC under the February 5, 1970 Lease.

42. In addition to Plaintiff Barclay Farms, LLC, there are numerous members of the proposed Kerr-McGee Subclass II who have had the contractual right to be paid royalties under Leases or overriding royalty agreements which contain or are subject to an oil royalty provision which is substantially identical to the Kerr-McGee Subclass II oil royalty provision set forth in the Kerr-McGee Subclass II Class Definition in Paragraph 6 of this Class Action Complaint.

43. Kerr-McGee, in its calculation and payment of royalties on oil sales to the members of Kerr-McGee Subclass II, has engaged in the same method of royalty accounting which it utilizes to pay royalties to Plaintiff Barclay Farms, LLC, in that Kerr-McGee has deducted from the sales price of the oil the various costs referenced in the preceding paragraphs of this Class Action Complaint.

44. Kerr-McGee, in deducting the above-referenced costs in its calculation of royalties paid to the members of Kerr-McGee Subclass II on oil sales, has materially breached its contractual obligations to the members of Kerr-McGee Subclass II under the leases and overriding royalty agreements described in the Kerr-McGee Subclass II definition in Paragraph 6 of this Class Action Complaint.

45. As a direct result of Kerr-McGee's breach of its contractual obligations to the members of Kerr-McGee Subclass II, the royalties owed to the members of Kerr-McGee Subclass II have been substantially underpaid, and such Kerr-McGee Subclass II members have sustained substantial damages.

## KERR-MCGEE SUBCLASS II CLASS ACTION ALLEGATIONS

46. The proposed Kerr-McGee Subclass II is so numerous that joinder of the Kerr-McGee Subclass II members is impracticable. On information and belief, there are more than five hundred members of Kerr-McGee Subclass II.

47. There are questions of law and fact which are common to the claims of the Kerr-McGee Subclass II, including, but not limited to:

   a. Whether Kerr-McGee consistently deducted gathering, transportation, and other costs from the market price of the oil in its calculation of royalties paid to Plaintiff Barclay Farms, LLC and the Kerr-McGee Subclass II members;

   b. Whether Kerr-McGee's deduction of gathering, transportation, and other costs in its calculation of royalties paid to Kerr-McGee Subclass II members was in breach of its obligations to Plaintiff Barclay Farms, LLC and the Kerr-McGee Subclass II under the Kerr-McGee Subclass II Leases and overriding royalty agreements at issue;

   c. Whether Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II are entitled to recover applicable prejudgment interest, from the date of each alleged royalty underpayment through the date that such alleged royalty underpayments are reimbursed to Plaintiff Barclay Farms, LLC and the Kerr-McGee Subclass II members; and

   d. Whether Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II are entitled to a declaratory judgment determining that Kerr-McGee is not permitted to deduct the disputed costs at issue in its calculation of future royalties paid to Plaintiff Barclay Farms, LLC and the Kerr-McGee Subclass II members.

48. Plaintiff Barclay Farms, LLC's claims are typical of the claims of the other members of Kerr-McGee Subclass II.

49. Plaintiff Barclay Farms, LLC will fairly and adequately protect the interests of Kerr-McGee Subclass II which it proposes to represent. Plaintiff Barclay Farms, LLC's interests are in accordance with, and not antagonistic to, the interests of the other members of the Kerr-McGee Subclass II which it seeks to represent.

50. Plaintiff Barclay Farms, LLC is represented by counsel competent and experienced in the prosecution of royalty underpayment class action litigation.

51. The questions of law or fact common to the members of Kerr-McGee Subclass II predominate over any questions affecting only individual Kerr-McGee Subclass II members.

52. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT
### (Against Kerr-McGee on behalf of Kerr-McGee Subclass I)

53. The allegations contained in Paragraphs 1 through 52 of this class complaint, inclusive, are restated and incorporated by reference herein.

54. Kerr-McGee has breached its obligations to Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and the members of Kerr-McGee Subclass I under the leases and overriding royalty agreements at issue, in the manner described above.

55. Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and the members of Kerr-McGee Subclass I have sustained substantial damages as a direct result of Kerr-McGee's breaches of its royalty payment obligations to Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and Kerr-McGee Subclass I on the sale of oil under the leases and overriding royalty agreements at issue. As a direct and proximate result of Kerr-McGee's conduct, Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and Kerr-McGee Subclass I have been damaged in an amount to be determined according to proof.

56. Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and the members of Kerr-McGee Subclass I are entitled to recover prejudgment interest on all amounts due and owing to them by Kerr-McGee.

**SECOND CLAIM FOR RELIEF – DECLARATORY JUDGMENT**
**(Against Kerr-McGee on behalf of Kerr-McGee Subclass I)**

57.   The allegations contained in Paragraphs 1 through 56 of this class complaint, inclusive, are restated and incorporated by reference herein.

58.   A controversy exists between Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and Kerr-McGee Subclass I, and Kerr-McGee, regarding the correct method for Kerr-McGee's calculation and payment of future royalties on oil sales under the leases and overriding royalty agreements at issue.

59.   Plaintiffs Ralph Nix Produce, Inc., and Mike Boulter request that the Court enter a declaratory judgment determining that Kerr-McGee is required to pay future royalties to Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and to the Kerr-McGee Subclass I under the leases and overriding royalty agreements at issue, without taking the deductions referenced in this Class Action Complaint.

**THIRD CLAIM FOR RELIEF – BREACH OF CONTRACT**
**(Against Kerr-McGee on Behalf of Kerr-McGee Subclass II)**

60.   The allegations contained in Paragraphs 1 through 59 of this class complaint, inclusive, are restated and incorporated by reference herein.

61.   Kerr-McGee has breached its obligations to Plaintiff Barclay Farms, LLC and the members of Kerr-McGee Subclass II under the leases and overriding royalty agreements at issue, in the manner described above.

62.   Plaintiff Barclay Farms, LLC and the members of Kerr-McGee Subclass II have sustained substantial damages as a direct result of Kerr-McGee's breaches of its royalty payment obligations to Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II on the sale of oil under the leases and overriding royalty agreements at issue. As a direct and proximate result of Kerr-

McGee's conduct, Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II have been damaged in an amount to be determined according to proof.

63. Plaintiff Barclay Farms, LLC and the members of Kerr-McGee Subclass II are entitled to recover prejudgment interest on all amounts due and owing to them by Kerr-McGee.

### FOURTH CLAIM FOR RELIEF – DECLARATORY JUDGMENT
**(Against Kerr-McGee on Behalf of Kerr-McGee Subclass II)**

64. The allegations contained in Paragraphs 1 through 63 of this class complaint, inclusive, are restated and incorporated by reference herein.

65. A controversy exists between Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II, and Kerr-McGee, regarding the correct method for Kerr-McGee's calculation and payment of future royalties on oil sales under the leases and overriding royalty agreements at issue.

66. Plaintiff Barclay Farms, LLC requests that the Court enter a declaratory judgment determining that Kerr-McGee is required to pay future royalties to Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II under the leases and overriding royalty agreements at issue, without taking the deductions referenced in this Class Action Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter, on behalf of Kerr-McGee Subclass I, and Plaintiff Barclay Farms, LLC, on behalf of itself and Kerr-McGee Subclass II pray for the following relief:

    a. An Order that the claims asserted by Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter, on behalf of Kerr-McGee Subclass I, and the claims asserted by Plaintiff Barclay Farms, LLC, on behalf of itself and Kerr-McGee Subclass II, should be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3); that Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter be appointed as the class representatives for

      Kerr-McGee Subclass I; that Plaintiff Barclay Farms, LLC, be appointed as the class representative for Subclass II; and that Plaintiffs' attorneys be appointed as Class Counsel for Kerr-McGee Subclass I and Kerr-McGee Subclass II;

b. A judgment in favor of Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and Kerr-McGee Subclass I, and for Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II on their claims against Kerr-McGee for breaches of the leases and overriding royalty agreements at issue, for the full amount of royalty underpayments, plus applicable prejudgment interest, at the Colorado statutory rate of eight percent per annum, compounded annually, pursuant to C.R.S. § 5-12-102(1)(b);

c. A declaratory judgment determining the appropriate method for Kerr-McGee's calculation of future royalties to Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and Kerr-McGee Subclass I, and Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II, on oil sales under the leases and overriding royalty agreements at issue, in accordance with the relief prayed for by Plaintiffs in Paragraphs 59 and 66 of this Class Action Complaint;

d. An award of court costs; and

e. For such further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

All Plaintiffs request a jury trial on all issues so triable.

| | |
|---|---|
| Dated: May 30, 2024 | By: */s/ George A. Barton*<br>George A. Barton Mo. Bar No. 26249<br>Stacy Burrows Co. Bar No. 49199<br>Barton and Burrows LLC<br>5201 Johnson Dr., Ste 110<br>Mission, KS 66205<br>(913) 563-6250<br>george@bartonburrows.com<br>stacy@bartonburrows.com<br><br>**ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED SUBCLASSES** |

16