IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01459-SKC-KAS

MIKE BOULTER,
BOULTER LLC,
RALPH NIX PRODUCE, INC., and
BARCLAY FARMS, LLC,
on behalf of themselves and classes of similarly situated persons,

      Plaintiffs,

v.

KERR-MCGEE OIL & GAS ONSHORE, LP

      Defendant.

_____

**OMNIBUS MINUTE ORDER ON VARIOUS MOTIONS TO RESTRICT**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

      This matter is before the Court on 11 unopposed motions to restrict (the "Motions"):

(1)      Plaintiffs Mike Boulter and Boulter, LLC's **Unopposed Motion for Leave to File Certain Exhibits as Level 1 Restricted Access** [#63] ("Motion #1");

(2)      Defendant Kerr-McGee Oil & Gas Onshore, LP's **Unopposed Motion for Leave to Restrict Kerr-McGee's Motion Challenging the Admissibility of Phyllis Bourque's Expert Testimony Pursuant to Fed. R. Evid. 702 and All Exhibits** [#66] ("Motion #2");

(3)      Defendant Kerr-McGee Oil & Gas Onshore, LP's **Unopposed Motion for Leave to Restrict Portions of Kerr-McGee's Motion for Summary Judgment and Certain Exhibits** [#71] ("Motion #3");

(4)      Plaintiffs' (Unopposed) **Motion for Leave to Restrict** [#74] ("Motion #4");

(5)      Plaintiffs' Unopposed **Motion for Leave to Restrict Portions of Plaintiffs' Response in Opposition to Defendant Kerr-McGee Oil and Gas Onshore, LP's Motion Challenging the Admissibility of Phyllis Bourque's Expert Testimony Pursuant to Federal Rule of Evidence 702** [#81] ("Motion #5");

(6)    Plaintiffs' **Unopposed Motion for Leave to Restrict Portions of Plaintiffs' Response in Opposition to Defendant Kerr-McGee Oil and Gas Onshore, LP's Motion for Summary Judgment** [#90] ("Motion #6");

(7)    Defendant's **Unopposed Motion for Leave to Restrict Portions of Kerr-McGee's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment and Certain Exhibits** [#93] ("Motion #7");

(8)    Plaintiffs' **Motion for Leave to File Their Reply Memorandum in Further Support of Their Motion to Exclude, and Exhibits Thereto as Level 1 Restricted Documents** [#98] ("Motion #8");

(9)    Plaintiffs' **Unopposed Motion for Leave to Restrict Portions of Plaintiffs' Response to Defendant Kerr-McGee Oil and Gas Onshore, LP's Statement of Undisputed Facts in Support of its Motion for Summary Judgment** [#105] ("Motion #9");

(10)    Plaintiffs' **Unopposed Motion for Leave to Restrict Portions of Plaintiffs' Reply in Support of Plaintiffs' Motion for Partial Summary Judgment and Exhibits Thereto** [#110] ("Motion #10"); and

(11)    Defendant's **Unopposed Motion for Leave to Restrict Portions of Kerr-McGee's Reply in Support of its Motion for Summary Judgment** [#113] ("Motion #11").

In accordance with D.C.COLO.LCivR 7.2, the Motions were publicly posted to allow for any objections to the sealing of the documents. No timely objections were filed. All Motions were referred to the undersigned. *See* [#67, #72, #76, #82, #94, #99, #106, #114].

## I.    Applicable Law

"Courts have long recognized a common-law right of access to judicial records." *United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020) (citing *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)). "Although this common law interest is not absolute, there is a strong presumption in favor of public access." *Id*. at 1293 (internal citations and quotations omitted). The strong presumption of openness can "be overcome where countervailing interests heavily outweigh the public interests in access to the judicial record." *Id*. (quoting *Colony Ins. Co.*, 698 F.3d at 1241) (quotations omitted). Thus, in exercising discretion to restrict access to judicial records, courts must "weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id*. (quotations and citations omitted).

Motions seeking restriction must "articulate a sufficiently significant interest that will justify continuing to override the presumption of public access" and must demonstrate that no remedy short of restricted access can adequately protect the identified privacy

interests. *Id*. (quotations and citation omitted). D.C.COLO.LCivR 7.2(c) specifically requires that a party seeking to restrict public access describe: (1) the nature of the materials or proceedings at issue; (2) the interest to be protected and why that interest outweighs the presumption of public access; (3) a clearly defined and serious injury that would result if access is not restricted; (4) why no alternatives to restricted access are unavailable; and (5) the level of restriction sought. The parties' designation of documents as "confidential" pursuant to a protective order does not, by itself, justify restricted filing. *See Miller v. Inst. for Def. Analyses*, No. 17-cv-02411-NYW, 2019 WL 13200056, at *2 (D. Colo. Jan. 4, 2019) (noting that, per "Local Rule 7.2 and the case law of this Circuit[,] . . . a Protective Order alone is an insufficient basis for restricting information or documents from the public record, particularly when such information is offered in the context of the court deciding a dispositive motion.") (citing Local Rule 7.2 and collecting cases).

## II.  The Motions

### A.    Motion #1 [#63]

In *Motion #1*, Plaintiff seeks to maintain Level 1 restriction for three documents: (A) the unredacted version of Plaintiffs' Motion to Exclude the Opinions of Defendant Kerr-McGee Oil and Gas, LP's Retained Expert Lesa Adair [#62]; (B) Exhibit 1 attached to that motion, the Original Expert Report of Lesa Adair [#62-1]; and (C) Exhibit 2 attached to that motion, the Rebuttal report of Lesa Adair [#62-3]. Level 1 is the least restrictive and limits access to the parties and the Court. *See* D.C.COLO.LCivR 7.2. Plaintiffs represent that the "materials contain confidential business information related to [Defendant's] business practices, including [Defendant's] marketing arrangements, and its methodology for calculating royalties." *Motion #1* [#63] at 3, ¶ 6. Plaintiffs further assert that "[p]ublic disclosure of this information [which the parties have treated as confidential in the course of discovery pursuant to the Stipulated Protective Order (#38)] would be detrimental to [Defendant's] business operations and relationships with its contractual partners as it would provide commercially sensitive information." *Id*.

The Court has reviewed and compared the unredacted [#62] and redacted [#61] versions of Plaintiffs' Motion to Exclude. Five statements are redacted on page 5 of the Motion to Exclude. Those statements are Ms. Adair's "statements and opinions related to her interpretation of the Leases oil royalty provisions[.]" Statements ##1 and 2 are specific to the Lease provisions. Statements ##3 and 4, however, concern purportedly "common" practices or customs in the industry. Statement #5 concerns Ms. Adair's opinions about the contracting parties' assumptions. **Plaintiffs' Motion #1 adequately explains why Statements ##1, 2, and 5 need to be protected from public access. Motion #1, however, is silent as to why statements about *common industry practices or customs need to be protected from public access*.**

**Plaintiffs' Motion #1 is also silent as to why the public cannot access the redacted statement on page 7**. That statement, while couched as Ms. Adair's "opinion," pertains to a common practice in the industry.

Then, six additional statements or opinions from Ms. Adair's report are redacted from page 8. All six statements concern "common" industry practices and "industry custom and practice." Again, **Plaintiffs' Motion #1 does not explain why the public cannot access information about common industry practices and customs.**

The Court has also reviewed Ms. Adair's reports at [#62-1] and [#62-2], which Motion #1 seeks to restrict in their entireties. [#62-1] is a 44-page document, excluding the exhibit cover page. One-and-half pages consist of an "Introduction," in which Ms. Adair summarizes her qualifications, identifies why she was retained, articulates the report's focus, identifies the files reviewed, and discloses Ms. Adair's hourly rate. **Plaintiffs' Motion #1 does not explain why the public cannot access any of this information and why any necessary redactions cannot be made and are otherwise impracticable.**

One page of [#62-1] consists of a summary of opinions. The summary includes some information about common industry practices. **Plaintiffs' Motion #1 does not explain why the public cannot access this information**.

Another eight pages of [#62-1] provide an "overview of crude oil value chain" in the oil and gas industry and an overview of "crude oil purchases and sales" in the oil and gas industry. **Plaintiffs' Motion #1 does not explain why the public cannot access this information**.

Another two-and-one-quarter pages of [#62-1] discuss a methodology "commonly used" and a "common" formula structure in the industry. **Plaintiffs' Motion #1 does not explain why the public cannot access this information**.

Another 15 pages of [#62-1] consist of expert disclosure information required under Fed. R. Civ. P. 26(a)(2)(B)(iv)-(vi). **Plaintiffs' Motion #1 does not explain why the public cannot access this information.**

Similar issues exist with respect to Ms. Adair's rebuttal report at [#62-2] and the sections titled, "Introduction," "Summary of Opinions," "Industry Usage of the Term 'Pipe Line,'" as well as a section regarding when crude oil become marketable, and Appendices A and B, which consist of disclosure information required under Fed. R. Civ. P. 26(a)(2)(B)(iv)-(vi). **Plaintiffs' Motion #1 does not explain why the public cannot access this information.**

Accordingly, the Court **denies without prejudice** Motion #1 [#63].

B.      Motion #2 [#66]

In Motion #2, Defendant seeks to restrict portions of its Motion Challenging the Admissibility of Phyllis Bourque's Expert Testimony Pursuant to Fed. R. Civ. P. 702 [#64] and all nine exhibits attached thereto. A publicly filed redacted version of that motion was filed at [#64] and an unredacted version was filed with all nine exhibits at [#65 through #65-8].

Defendant asserts that the nine exhibits "contain highly sensitive business and personal information about [Defendant's] business practices and procedures and are marked 'Confidential' by [Defendant] to ensure that they are covered by the Stipulated Protective Order[.]" *Motion #2* [#66] at 2, ¶ 2. Defendant explains that its motion "describes [Defendant's] sales and royalty practices, disclosure of which "would harm [Defendant]." *Id*. ¶ 3. The redacted motion contains minimal redactions on pages 4, 6, 7, 8, and 14. The Court has compared the redacted [#64] and unredacted [#65] motions and is satisfied that the redacted information consists of sensitive commercial information. Therefore, **Level 1 restriction is appropriate for the unredacted motion [#65]**.

Motion #2, however, does not address why the nine exhibits must be restricted in their entirety and why redaction is impracticable. Exhibit 1 is M. Phyllis Bourque's Expert Report [#65-1]. The Introduction provides an overview of Ms. Bourque's educational and professional background. Exhibits attached to Ms. Bourque's report appear to show Defendant's royalty payments to Plaintiffs, a matter directly at-issue in this case. *See* [#65-1] at 36-77. Another exhibit consists of Ms. Bourque's curriculum vitae and other expert disclosure information required under Fed. R. Civ. P. 26(a)(2)(B)(iv)-(vi). **Defendant's Motion #2 does not explain why the public cannot access this information.**

Exhibit 2 [#65-2] consists of Ms. Bourque's Supplement Expert Report. This document appears to primarily, if not exclusively, contain confidential and sensitive commercial information. Documents attached to that supplemental report include confidential contracts and related information. Therefore, **Level 1 restriction is appropriate for the Exhibit 2 [#65-2]**.

Exhibit 3 [#65-3] consists of excerpts from Ms. Bourque's deposition. Several passages do not appear to contain any confidential, commercially sensitive information. **Defendant's Motion #2 does not explain why the public cannot access this information.**

Exhibits 4 and 5 [#65-4, #65-5] are agreements between Defendant and non-parties. They contain confidentiality provisions. Therefore, **Level 1 restriction is appropriate for Exhibits 4 [#65-4] and 5 [#65-5]**.

Exhibit 6 [#65-6] consists of invoices from a non-party to Defendant and a spreadsheet of certain fee calculations. Because this is commercially sensitive information, **Level 1 restriction is appropriate for Exhibit 6 [#65-6]**.

Exhibit 7 [#65-7] consists of Defendant's supplemental interrogatory responses. Several pages do not appear to contain commercially sensitive or otherwise confidential information. **Defendant's Motion #2 does not explain why the public cannot access the non-confidential information and why redaction is impracticable.**

Exhibit 8 [#65-8] is a transportation costs spreadsheet, which consists of commercially sensitive information. Therefore, **Level 1 restriction is appropriate for Exhibit 8 [#65-8]**.

Exhibit 9 [#65-9] is labeled "Check Stub." This document appears to contain oil and gas revenue payment information to Plaintiff Boulter, which is a key issue in this case. **Defendant's Motion #2 does not explain why the public cannot access any of this information and why redaction is impracticable.**

Accordingly, the Court **grants in part** and **denies without prejudice in part** Motion #2 [#66].

C.    Motion #3 [#71]

In Motion #3, Defendant seeks to restrict portions of its Motion for Summary Judgment [#69] and 18 exhibits [#70-1 to #70-17], *i.e.*, a majority of the exhibits, filed with that motion. Defendant asserts that the at-issue documents "contain [its] confidential information and Plaintiffs' private revenue information." *Motion #3* [#71] at 2, ¶ 1. Defendant further asserts that "[t]he Exhibits contain highly sensitive business and personal information about [Defendant's] business practices and procedures and are marked 'Confidential'" pursuant to the Stipulated Protective Order. *Id.* at ¶ 2.

A publicly available redacted version of Defendant's Motion for Summary Judgment is docketed at [#69]; the unredacted version is at [#70], filed under Level 1 restriction. The redacted version [#69] contains redactions on pages 1, 2, 6, 7, 19. The unredacted version [#70] reveals that the redactions are of information pertaining to business practices, business arrangements, pricing information, royalty information, and customer information. **The Court finds that Defendant has demonstrated that the presumption of public access to Court files is outweighed by Defendant's interest in privacy with respect to its commercially sensitive information. Moreover, Defendant has made a minimally redacted version of its Motion for Summary Judgment available for public access.**

The Court next considers 18 restricted exhibits [#70-1 to #70-17], which were filed with Defendant's Motion for Summary Judgment. Redacted versions were not filed. [#70-1], at 25-page document, consists of Defendant's Statement of Undisputed Material Facts. Sixty-two facts are listed. A redacted version is publicly filed at [#69-2]. The Court has compared the redacted and unredacted versions and is satisfied that the limited redactions pertain to commercially sensitive information, including business methods,

pricing strategies, customer information, and royalty calculation methods. Therefore, **Level 1 restriction is appropriate**.

Exhibits 3, 4, and 14 [#70-2, #70-3, #70-11] to Defendants' Motion for Summary Judgment appear to consist entirely of sensitive financial information. Therefore, **Level 1 restriction is appropriate**.

Exhibits 5 and 7 [#70-4, #70-6] to Defendant's Motion for Summary Judgment are Ms. Adair's Original and Rebuttal Expert reports, which the Court discussed above in connection with Motion #1 [#63]. Based on those findings, the Court concludes that **Defendant has failed to demonstrate that complete restriction, as opposed to redaction, is appropriate**.

Exhibit 6 [#70-5] to Defendant's Motion for Summary Judgment is the Expert Report of M. Phyllis Bourque, Plaintiffs' rebuttal expert. This is a 12-page report. Three paragraphs appear to describe various acquisitions in the industry and crude oil production efforts of nonparties to this suit. Several pages contain Ms. Bourque's opinions about Defendant's allegedly improper deduction of gathering, transportation, and other costs from the market price of oil. However, that is a dispute flagged in the publicly filed Amended Complaint [#3]. *See, e.g., Am. Compl.* [#1] ¶ 21 ("[Defendant] improperly deducted from the selling price – which is equivalent to the market price – of the oil include, but are not limited to, costs which [Defendant] describes as gathering, transportation, and other deductions."). The Court has insufficient information to determine whether the public right of access is outweighed by Defendant's privacy interests and whether redactions are impracticable. **Defendant has failed to demonstrate that complete restriction, as opposed to redaction, is appropriate**.

Exhibit 8 [#70-7] to Defendant's Motion for Summary Judgment is an excerpt from Ms. Bourque's deposition with certain passages highlighted. The highlighted deposition passages concern the marketable condition of oil, third-party purchasers of oil, a general discussion about marketers, and a general discussion of royalty language and tariffs. The Court has insufficient information to determine whether the public right of access is outweighed by Defendant's privacy interests and whether redactions are impracticable. **Defendant has failed to demonstrate that complete restriction, as opposed to redaction, is appropriate**.

Exhibit 9 [#70-8] to Defendant's Motion for Summary Judgment consists of Defendant's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories. This is a 12-page document. The Court has insufficient information to determine whether the public right of access is outweighed by Defendant's privacy interests. For example, Defendant's Supplemental Answer to Interrogatory No. 2 directly addresses the deduction issue flagged in Plaintiffs' publicly filed Amended Complaint [#3]. While some phrases may require redaction, the Court has serious doubts as to the need to withhold the entire document from public access. **Thus, Defendant has failed to demonstrate that complete restriction, as opposed to redaction, is appropriate**.

Exhibits 11, 12, and 19 [#70-9, #70-10, #70-16] to Defendant's Motion for Summary Judgment consist of Crude Oil Sales Agreements and other agreements/amendments between non-parties and Defendant. The Agreements contain confidentiality provisions. Therefore, **Level 1 restriction is appropriate**.

Exhibits 14 [#70-11] and 15 [#70-12] to Defendant's Motion for Summary Judgment appears to consist of commercially sensitive customer information. If so, the Court then finds that **Level 1 restriction is appropriate**.

Exhibit 16 [#70-13] to Defendant's Motion for Summary Judgment purportedly consists of commercially sensitive royalty information. If so, the Court then finds that **Level 1 restriction is appropriate.**

Exhibits 17 and 18 [#70-14 and #70-15] to Defendant's Motion for Summary Judgment contain commercially sensitive sales and cost information. Therefore, **Level 1 restriction is appropriate**.

Exhibit 20 to Defendant's Motion for Summary Judgment [#70-17] is a declaration of Nicole Miller. The Declaration consists of information regarding Ms. Miller's professional background, information about royalty accounting for Plaintiffs (which is the basis of this lawsuit), identification of documents produced to Plaintiffs, and it articulates royalty and deduction information (which are at the heart of this lawsuit). The Court has insufficient information to determine whether the public right of access is outweighed by Defendant's privacy interests and whether redactions are impracticable. **Defendant has failed to demonstrate that complete restriction, as opposed to redaction, is appropriate**.

Accordingly, the Court **grants in part** and **denies without prejudice in part** Motion #3 [#71].

D.    Motion #4 [#74]

In Motion #4, Plaintiffs seek to restrict 17 of the 32 exhibits attached to their Partial Motion for Summary Judgment [#73]. In support, Plaintiffs argue that those 17 exhibits "have been designated as confidential" by the parties pursuant to the Protective Order [#38]. *Motion #4* [#74] ¶¶ 1, 3. Plaintiffs assert that the exhibits, which are identified below, "contain sensitive information, including proprietary information related to [Defendant's] business activities in the State of Colorado, and its confidential agreements with third parties." *Id*. ¶ 6. Plaintiffs further assert that public disclosure of that information "could potentially result in serious financial injury to [Defendant] through public disclosure of [Defendant's] proprietary business strategies." *Id*. ¶ 8. Without any further explanation, Plaintiffs assert that "restriction is the most practicable way to maintain the privacy interests of [Defendant] and its third-party contractors[.]" *Id*. ¶ 10.

Exhibit 5 [#75-1] consists of Defendant's Amended Responses and Objections to Plaintiffs' First Set of Interrogatories. The highlighted discovery responses consist of

information regarding Defendant's determination of gross value of oil, pricing methodology, and customer identity. However, the highlighted sections do not comprise significant portions of Exhibit 5, and Plaintiffs have provided no meaningful information—beyond bald statements—that redaction is impracticable. Moreover, the Court has insufficient information as to why the remainder of the document must be filed under restricted status. **Thus, Plaintiffs have failed to demonstrate that complete restriction, as opposed to redaction, is appropriate**.

Exhibit 15 [#75-2] is an August 2019 Oil Production and Sales Information Summary. This document consists entirely of sensitive financial information. Therefore, **Level 1 restriction is appropriate**.

Exhibit 16 [#75-3] consists of August 2019 KMOG Oil Sales Invoices. This document consists entirely of sensitive financial information. Therefore, **Level 1 restriction is appropriate**.

Exhibits 17 and 20 [#75-4, #75-7] are Ms. Adair's original and rebuttal expert reports, which the Court discussed in connection with Motion #1. For the same reasons articulated above, the Court finds Plaintiffs have provided insufficient information as to why redaction is impracticable and why the entire reports must be filed under restriction. **Plaintiffs have failed to demonstrate that complete restriction, as opposed to redaction, is appropriate**.

Exhibit 18 [#75-5] is the expert report of Phyllis Bourque, Plaintiffs' expert. The Court discussed this report in connection with Motion #3. For the same reasons articulated above, the Court concludes that **Plaintiffs have failed to demonstrate that complete restriction, as opposed to redaction, is appropriate**.

Exhibit 19 [#75-6] is the August 2019 Royalty Payment Detail. This document appears to show Defendant's royalty payments to Plaintiffs. Because royalty payments to Plaintiffs is a central issue in this case, Plaintiffs have provided insufficient information as to why the presumption of public access is outweighed by the parties' privacy interests. **Plaintiffs have failed to demonstrate that complete restriction is appropriate.**

Exhibit 21 [#75-8] is a Transportation Services Agreement between Defendant and a non-party. While this agreement does not contain a confidentiality provision, Defendant and the non-party agreed that neither of them will issue a press release or other public announcement of the agreement without the other contracting party's consent. Therefore, **Level 1 restriction is appropriate**.

Exhibit 24 [#75-9] is a Crude Sales Agreement between Defendant and a non-party. The agreement contains a confidentiality provision. Therefore, **Level 1 restriction is appropriate**.

Exhibit 25 [#75-10] is a letter from Defendant to a non-party seeking consent to assign certain agreements to another non-party. An assignment and assumption

agreement is attached to that letter. The underlying agreements are not included in this exhibit. However, because various agreements already discussed in this Order have confidentiality provisions or other limitations on publication, the Court concludes that **Level 1 restriction is appropriate**.

Exhibits 26 through 30 [#75-11, #75-12, #75-13, #75-14, #75-15] consist of invoices from Defendant to various non-parties. The Court concludes that **Level 1 restriction is appropriate** because the disclosure of this information could put Defendant and the various non-parties at a competitive disadvantage.

Exhibit 31 [#75-16] is an OEMI Pricing Sheet, which contains commercially sensitive financial or pricing information. Therefore, the Court concludes that **Level 1 restriction is appropriate**.

Exhibit 32 [#75-17] is a Royalty Payment Detail for June 2020 Production Month. This consists of royalties pad to Plaintiffs Barclay Farms LLC and Michael Boulter. Because royalty payments to Plaintiffs is a central issue in this case, Plaintiffs have provided insufficient information as to why the presumption of public access is outweighed by the parties' privacy interests. **Plaintiffs have failed to demonstrate that complete restriction is appropriate.**

Accordingly, the Court **grants in part** and **denies without prejudice in part** Motion #4 [#74].

E.    Motion #5 [#81]

In Motion #5, Plaintiffs seek to restrict Exhibit 1 [#80-1] to their Response in Opposition to Defendant's Motion to Exclude Plaintiffs' Expert and portions of their Response [#80], which reference that information which they assert is confidential. A redacted version of the Response [#79] is filed at [#79], but a redacted version of the exhibit, excerpts from the deposition of Plaintiffs' expert, Ms. Bourque, was not filed. Plaintiffs assert that they seek to protect "information that is highly sensitive to [Defendant], including information about [Defendant's] business practices and procedures which have been marked as confidential under the Stipulated Protective Order." *Motion #5* [#81] ¶ 3.

The publicly filed Response [#79] contains limited redactions on pages 2, 3, and 11, and extensive redactions on pages 4-10, 12-14. The Court has compared the redacted Response [#79] with the unredacted Response [#80] and concludes that the redactions pertain to information regarding Defendant's business practices and procedures, the release of which could place Defendant at a competitive disadvantage. Therefore, the Court concludes that **Level 1 restriction is appropriate for the unredacted Response [#79]**.

However, the Court has insufficient information as to why the entirety of Exhibit 1 [#80-1] must be restricted from public access. While the commercially sensitive nature of

the few highlighted deposition passages is apparent, that does not hold true for many other pages in the 20 pages of excerpted deposition testimony. The excerpts include testimony regarding Ms. Bourque's professional background and common industry practices or structures within the industry. **Thus, Plaintiffs have failed to demonstrate that complete restriction of Exhibit 1 [#80-1], as opposed to redaction, is appropriate**.

Accordingly, the Court **grants in part** and **denies without prejudice in part** Motion #5 [#81].

F.      Motion #6 [#90]

In Motion #6, Plaintiffs seek to restrict portions of their Response in Opposition to Defendant's Motion for Summary Judgment [#88] and three exhibits attached thereto. A publicly filed, redacted version of that Response is at [#88] and an unredacted version is filed under restriction at [#89]. However, Plaintiffs did not file redacted versions of the three exhibits; rather, they seek to restrict them in their entirety. *See Ex. A* [#89-1], *Ex. B* [#89-2], *Ex. C* [#89-3].

Plaintiffs assert that the redactions to the Response [#88] are of information that is "highly sensitive" to Defendant. *Motion #6* [#90] at 2, ¶ 3. Plaintiffs further assert that the exhibits "contain sensitive information, including proprietary information related to [Defendant's] business practices and procedures, and [Defendant's] royalty payment practices." *Id*. ¶ 7.

A comparison of the unredacted Response [#89] with the redacted Response [#88] reveals that the redactions, which are limited, are of commercially sensitive business information, including pricing and royalty calculation strategies. Therefore, the Court concludes that **Level 1 restriction is appropriate for the unredacted Response [#89].]**

Exhibit A [#89-1] consists of Ms. Bourque's Expert Report. The Court addressed this report in connection with Motion #2. Like Motion #2, Motion #6 does not articulate why the public cannot access several pages of information in this exhibit and why redaction is impracticable. **Plaintiffs have failed to demonstrate that complete restriction is appropriate.**

Exhibit B [#89-2] is titled, "Oil Sales Invoices." These documents consist of sensitive commercial information. Therefore, **Level 1 restriction is appropriate for the unredacted Response [#79]**.

Exhibit C [#89-3] is an agreement between Defendant and a non-party. The agreement has a limitation on publication; therefore, the Court concludes that **Level 1 restriction is appropriate.**

Accordingly, the Court **grants in part** and **denies without prejudice in part** Motion #6 [#81].

G.    Motion #7 [#93]

In Motion #7 [#93], Defendant seeks to restrict portions of its Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment [#91] and 13 exhibits, Exhibit Nos. 33-42 and 44-46 [#92-2 through #92-14]. A publicly filed redacted version of the Response is at [#91] and an unredacted version is filed under restriction at [#92]. Defendant asserts that it seeks to protect "confidential information" and that the exhibits "contain highly sensitive business and personal information about [Defendant's] business practices and procedures" and have been marked "Confidential" pursuant to the Stipulated Protective Order. *Motion #7* at 2 ¶¶ 2, 3.

A comparison of the unredacted [#92] and redacted [#91] Response reveals that the redactions are of business strategies, including pricing methods, sales strategies, confidential contract provisions, and other sensitive commercial information. Therefore, **Level 1 restriction is appropriate for the unredacted Response [#92]**.

Exhibit 33 [#92-2] consists of Defendant's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories. As discussed in connection with Motion #2 [#66], several pages do not appear to contain commercially sensitive or otherwise confidential information. **Defendant's Motion #7 does not explain why the public cannot access the non-confidential information and why redaction is impracticable.**

Exhibit 34 [#92-3] is the Declaration of Nicole Miller. As discussed in connection with Motion #3 [#71], **Defendant has failed to demonstrate that complete restriction, as opposed to redaction, is appropriate**.

Exhibit 35 [#92-4] is a spreadsheet of commercially sensitive information regarding fees and costs. **Level 1 restriction is appropriate.**

Exhibit 36 [#92-5] is titled "Suncor Invoice." It consists of commercially sensitive information and, therefore, **Level 1 restriction is appropriate**.

Exhibit 37 [#92-6] is an oil pipeline tariff filing with the Federal Energy Regulatory Commission. While Exhibit 37 is marked "Confidential" under the Stipulated Protective Order, the letter was not otherwise marked confidential and, based on the Court's understanding, Federal Energy Regulatory Commission oil tariff filings are public. Defendant does not address whether this was a document publicly filed with the Commission and, if so, why it must be restricted from public access. In sum, **Defendant's Motion #7 does not explain why the public cannot access this document and why redaction is impracticable.**

Exhibit 38 [#92-7] is a portion of a throughput and deficiency agreement between Defendant and a non-party. The filed portions of the agreement consist of the "whereas" clauses, a couple of definitions, payment terms, and certain warranties Defendant makes

to the non-party. If this agreement contains a confidentiality provision, Defendant did not include it in Exhibit 38. **Defendant's Motion #7 does not explain why the public cannot access this document and why redaction is impracticable.**

Exhibit 39 [#92-8] appears to show oil and gas revenue or royalties paid to Plaintiff Boulter, a key issue in this case. **As in other motions, Defendant's Motion #7 does not explain why the public cannot access this document and why redaction is impracticable.**

Exhibit 40 [#92-9] is a Second Amendment to Base Contract for Crude Oil Gathering and Stabilization between Defendant and a non-party. This document does not contain a confidentiality provision and **Defendant's Motion #7 does not explain why the public cannot access this document and why redaction is impracticable.**

Exhibit 41 [#92-10] consists of eleven pages excerpted from Ms. Bourque's deposition. While portions of the deposition excerpts appear to concern Defendant's business practices, other portions concern Ms. Borque's knowledge of oil and gas industry practices and her views on how royalty language related to pipelines has changed in the industry over decades. Other passages concern whether Defendant was charging transportation costs, an issue expressly alleged in the public filed Amended Complaint [#3]. **As in other motions, Defendant's Motion #7 does not explain why the public cannot access this document and why redaction is impracticable.**

Exhibit 42 [#92-11] is a Declaration of Troy Davis. The Declaration includes information about Mr. Davis's job and professional background, explains his company's relationship with Defendant, explains how "transportation costs" are defined in a Crude Oil Sales Agreement, and broadly describes the transportation costs his company incurs in relation to interstate pipelines. **Defendant's Motion #7 does not explain why the public cannot access this document and why redaction is impracticable.**

Exhibit 44 [#92-12] is a Base Contract for Crude Oil Gathering and Stabilization between Defendant and a non-party. The contract contains a confidentiality provision. Therefore, **Level 1 restriction is appropriate**.

Exhibit 45 [#92-13] is titled, "Western Midstream Invoices" from a non-party to Defendant, and it includes a spreadsheet of fee calculations. Because Exhibit 45 consists of commercially sensitive information, **Level 1 restriction is appropriate**.

Exhibit 46 [#92-14] is titled, "OEMI Local Purchaser Spreadsheet." Because this spreadsheet consists of commercially sensitive customer information, **Level 1 restriction is appropriate**.

Accordingly, the Court **grants in part** and **denies without prejudice in part** Motion #7 [#93].

H.    Motion #8 [#98]

In Motion #8 [#98], Plaintiffs seek to restrict public access to their Reply in Support of their Motion to Exclude the Opinions of Defendant's Retained Expert [#96] and two exhibits filed therewith. *Motion #8* [#98]. Plaintiffs publicly filed a redacted version of their Reply at [#96], and they filed under restriction an unredacted version at [#97]. Plaintiffs did not file redacted versions of the exhibits. The exhibits are filed under restriction at [#97-1] and [#97-2].

In support, Plaintiffs assert that the documents were designated confidential in discovery pursuant to the Stipulated Protective Order and that "[p]ublic disclosure of this information would be detrimental to [Defendant's] business operations and relationships with its contractual partners as it would provide commercially sensitive information. *Motion #8* [#98] at 3, ¶ 6. Plaintiffs further explain that "[t]hese materials contain confidential business information related to [Defendant's] business practices, including [Defendant's] marketing arrangements, and its methodology for calculating royalties." *Id.*

A comparison of the redacted [#96] and unredacted [#97] Reply reveals that the limited redactions are of the kind of commercially sensitive information that Plaintiffs described. Therefore, **Level 1 restriction is appropriate for the unredacted Reply [#97].**

The two exhibits Plaintiffs seek to file under Level 1 restrictions—without a redacted version available for public access—are Ms. Adair's original and rebuttal reports [#97-1, #97-2]. As discussed in connection with Motion #1 [#63], **Plaintiffs' Motion #8 does not explain why the public cannot access *any* of the information in Ms. Adair's reports and why any necessary redactions cannot be made and are otherwise impracticable.** Merely stating that something is impracticable does not make it so.

Accordingly, the Court **grants in part** and **denies without prejudice in part** Motion #8 [#98].

I.    Motion #9 [#105]

In Motion #9 [#105], Plaintiffs seek to restrict portions of their Response to Defendant's Statement of Undisputed Facts. A publicly accessible redacted version is at [#103-1] and an unredacted version is filed under restriction at [#104]. At the request of Defendant's counsel, Plaintiffs request this limited restriction. *See Motion #9* [#105] at 2, ¶ 3.

The Court has compared the redacted [#103-1] and unredacted [#104] Response to Defendant's Statement of Undisputed Facts. The limited redactions pertain to commercially sensitive information, such as customer identities, business methods, pricing strategies, and royalty calculation methods. Therefore, **Level 1 restriction is appropriate for the unredacted Response to Defendant's Statement of Undisputed Facts [#104] (as well as the unredacted version filed at [#88-2]**, which the District

Judge *sua sponte* restricted under Level 1 "pending a ruling on the motion to restrict which has been referred to Judge Starnella." *See Text Entry Order* [#107].).

Accordingly, the Court **grants** Motion #9 [#105].

J.      Motion #10 [#110]

In Motion #10 [#110], Plaintiffs seek to restrict portions of their Reply in Support of their Motion for Partial Summary Judgment [#108] and two exhibits filed therewith. *Motion #10* [#110]. A publicly accessible redacted Reply and one exhibit are at [#108, #108-2] and an unredacted Reply and exhibits are filed under restriction at [#109, #109-2, #109-3]. Plaintiffs assert that the at-issue information "is highly sensitive to [Defendant], including information about [Defendant's] business practices and procedures which have been marked as confidential under the Stipulated Protective Order." *Motion #10* [#110] at 2-3, ¶ 5.

The Court has compared the redacted [#108] and unredacted [#109] Reply. The limited redactions pertain to commercially sensitive business methods and pricing strategies and discussions of confidential agreements. Therefore, **Level 1 restriction is appropriate for Plaintiffs' unredacted Reply in Support of their Motion for Partial Summary Judgment [#109]**.

The Court has also compared the redacted [#108-1] and unredacted [#109-1] Plaintiffs' Reply Statement of Facts. The limited redactions pertain to similar categories of information, as well as customer information and royalty calculation formulas. **Level 1 restriction is appropriate.**

Likewise, the Court has reviewed Exhibit 48 [#109-2], which Plaintiffs seek to restrict in its entirety. Exhibit 48 [#109-2] consists of 12 pages excerpted from Ms. Bourque's deposition. **As in other motions, Motion #10 does not explain why the public cannot access this document and why redaction is impracticable.**

Accordingly, the Court **grants in part** and **denies without prejudice in part** Motion #10 [#110].

K.      Motion #11 [#113]

In Motion #11 [#113], Defendant seeks to restrict portions of its Reply in Support of its Motion for Summary Judgment. A publicly available redacted version of the Reply is filed at [#111] and an unredacted version is filed under restriction at [#112]. In support, Defendant asserts that its "Reply references and describes highly sensitive and confidential information, including [Defendant's] sales and royalty payment practices," and "[d]isclosure of this highly sensitive information would harm [Defendant]." *Motion #11* [#113] at 2, ¶ 5.

For similar reasons, Defendant also seeks to restrict an unredacted version [#112-1] of its Reply Statement of Undisputed Material Facts. A redacted version is public filed at [#111-1].

The Court has compared the redacted [#111] and unredacted [#112] Reply and is satisfied that the limited redactions pertain to commercially sensitive business methods and pricing strategies. Therefore, **Level 1 restriction is appropriate for Defendants' unredacted Reply in Support of its Motion for Summary Judgment [#112]**.

The Court has also compared the redacted [#111-1] and unredacted [#112-1] Reply Statement of Undisputed Material Facts. The limited redactions pertain to commercially sensitive information regarding business methods, royalty calculation methods, cost strategies, pricing formulas, customer information, and discussions of confidential agreements. Therefore, **Level 1 restriction is appropriate for Defendants' Reply Statement of Undisputed Material Facts [#112-1]**.

Accordingly, the Court **grants** Motion #11 [#113].

## III. <u>Conclusion</u>

Based on the foregoing,

It is **ORDERED** that the following motions are **granted**:

- Motion #9: Plaintiffs' Unopposed Motion for Leave to Restrict Portions of Plaintiff's Response to Defendant's Statement of Undisputed Facts in Support of its Motion for Summary Judgment [#105]

- Motion #11: Defendant's Unopposed Motion for Leave to Restrict Portions of Defendant's Reply in Support of its Motion for Summary Judgment [#113]

It is FURTHER **ORDERED** that the following motions are **granted in part** and **denied without prejudice in part**:

- Motion #2: Defendant's Unopposed Motion for Leave to Restrict Defendant's Motion Challenging the Admissibility of Phyllis Bourque's Expert Testimony Pursuant to Fed. R. Evid. 702 and All Exhibits [#66];

- Motion #3: Defendant's Unopposed Motion for Leave to Restrict Portions of Defendant's Motion for Summary Judgment and Certain Exhibits [#71];

- Motion #4: Plaintiffs' Motion for Leave to Restrict [#74];

- Motion #5: Plaintiffs' Unopposed Motion for Leave to Restrict Portions of Plaintiff's Response in Opposition to Defendant's Motion Challenging the Admissibility of Phyllis Bourque's Expert Testimony Pursuant to Federal Rule of Evidence 702 [#81];

- Motion #6: Plaintiffs' Unopposed Motion for Leave to Restrict Portions of Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment [#90];

- Motion #7: Defendant's Unopposed Motion for Leave to Restrict Portions of Defendant's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment and Certain Exhibits [#93];

- Motion #8: Plaintiffs' Motion for Leave to File Their Reply Memorandum in Further Support of their Motion to Exclude, and Exhibits Thereto as Level 1 Restricted Documents [#98]; and

- Motion #10: Plaintiffs' Unopposed Motion for Leave to Restrict Portions of Plaintiff's Reply in Support of Plaintiffs' Motion for Partial Summary Judgment and Exhibits Thereto [#110].

It is FURTHER **ORDERED** that the following motions are **denied without prejudice**:

- Motion #1: Plaintiffs' Unopposed Motion for Leave to File Certain Exhibits as Level 1 Restricted Access [#63]

IT IS FURTHER **ORDERED** that within **14 days of this Order's filing**, the movants of the motions denied or denied without prejudice shall file either: (1) redacted versions of the proposed restricted documents, or (2) renewed motions to restrict (or an omnibus motion) addressing the above-noticed deficiencies, including why redactions are impracticable.

Because the Court has granted in whole or in part certain motions,

It is FURTHER **ORDERED** that the Clerk of Court shall maintain the Level 1 restriction status of the following documents:

- Defendant's Motion Challenging the Admissibility of Phyllis Bourque's Expert Testimony Pursuant to Federal Rule of Evidence 702 [#65];

- Supplemental Expert Report of M. Phyllis Bourque (Exhibit 2 to Defendant's Motion Challenging the Admissibility of Phyllis Bourque's Expert Testimony) [#65-2];

- Agreements between Defendant and non-parties (Exhibits 3 and 4 to Defendant's Motion Challenging the Admissibility of Phyllis Bourque's Expert Testimony) [#65-4, #65-5];

- Invoices from non-party to Defendant (Exhibit 6 to Defendant's Motion Challenging the Admissibility of Phyllis Bourque's Expert Testimony) [#65-6];

- Transportation Costs Spreadsheet (Exhibit 8 to Defendant's Motion Challenging the Admissibility of Phyllis Bourque's Expert Testimony) [#65-8];

- Defendant's Motion for Summary Judgment [#70];

- Defendant's Statement of Undisputed Material Facts [#70-1];

- Exhibit 3 to Defendant's Motion for Summary Judgment [#70-2];

- Exhibit 4 to Defendant's Motion for Summary Judgment [#70-3];

- Agreements, including Crude Oil Sales Agreements (Exhibits 11, 12, and 19 to Defendant's Summary Judgment Motion) [#70-9, #70-10, #70-16];

- Exhibits 14 and 15 to Defendant's Motion for Summary Judgment [#70-11, #70-12];

- Exhibit 16 to Defendant's Motion for Summary Judgment [#70-13];

- Exhibits 17 and 18 to Defendant's Motion for Summary Judgment [#70-14, #70-15];

- August 2019 Oil Production and Sales Information Summary (Exhibit 15 to Plaintiffs' Partial Motion for Summary Judgment) [#75-2];

- August 2019 KMOG Oil Sales Invoices (Exhibit 16 to Plaintiffs' Partial Motion for Summary Judgment) [#75-3];

- Transportation Services Agreement (Exhibit 21 to Plaintiffs' Partial Motion for Summary Judgment) [#75-8];

- Crude Sales Agreement (Exhibit 24 to Plaintiffs' Partial Motion for Summary Judgment) [#75-9];

- Exhibit 25 to Plaintiffs' Partial Motion for Summary Judgment [#75-10];

- Exhibits 26 through 30 to Plaintiffs' Partial Motion for Summary Judgment [#75-11, #75-12, #75-13, #75-14, #75-15];

- OEMI Pricing Sheet (Exhibit 31 to Plaintiffs' Partial Motion for Summary Judgment) [#75-16];

- Plaintiffs' Response in Opposition to Defendant's Motion to Exclude Plaintiffs' Expert [#80];

- Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment [#89];

- Oil Sales Invoices (Exhibit B to Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment) [#89-2];

- Exhibit C to Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment [#89-3];

- Defendant's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment [#92];

- Exhibit 35 to Defendant's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment [#92-4];

- Exhibit 36 to Defendant's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment [#92-5];

- Base Contract for Crude Oil Gathering and Stabilization between Defendant and a non-party (Exhibit 44 to Defendant's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment) [#92-12];

- Western Midstream Invoices (Exhibit 45 to Defendant's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment) [#92-13];

- OEMI Local Purchaser Spreadsheet (Exhibit 46 to Defendant's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment) [#92-14];

- Reply Memorandum in Further Support of their Motion to Exclude [#97];

- Plaintiff's Response to Defendant's Statement of Undisputed Facts in Support of its Motion for Summary Judgment [#104];

- Plaintiff's Reply in Support of Plaintiffs' Motion for Partial Summary Judgment [#109];

- Plaintiff's Reply Statement of Facts [#109-1];

- Defendant's Reply in Support of its Motion for Summary Judgment [#112]; and

- Defendant's Reply Statement of Undisputed Material Facts [#112-1].

Even though the Court has denied without prejudice certain motions in whole or in part, and because movants are ordered to take certain actions within 14 days of this Order,

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to maintain the Level 1 restricted filing status of the following documents until further order by the Court:

- Plaintiffs' Motion to Exclude the Opinions of Defendant Kerr-McGee Oil and Gas, LP's Retained Expert Lesa Adair [#62];

- Original Expert Report of Lesa Adair (Exhibit 1 to Plaintiffs' Motion to Exclude) [#62-1];
    - Also filed as Exhibit 5 to Defendant's Summary Judgment Motion [#70-4]
    - Also filed as Exhibit 17 to Plaintiffs' Partial Motion for Summary Judgment [#75-4]
    - Also filed as exhibits to Reply Memorandum in Further Support of their Motion to Exclude [#97-1, #97-2]

- Rebuttal Expert Report of Lesa Adair (Exhibit 2 attached to Plaintiffs' Motion to Exclude) [#62-3];
    - Also filed as Exhibit 7 to Defendant's Summary Judgment Motion [#70-5]
    - Also filed as Exhibit 20 to Plaintiffs' Partial Motion for Summary Judgment [#75-7]

- Expert Report of M. Phyllis Bourque (Exhibit 1 to Defendant's Motion Challenging the Admissibility of Phyllis Bourque's Expert Testimony) [#65-1];
    - Also filed as Exhibit 18 to Plaintiffs' Partial Motion for Summary Judgment [#75-5]
    - Also filed as Exhibit A to Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment [#89-1]

- Excerpts from Ms. Bourque's Deposition (Exhibit 3 to Defendant's Motion Challenging the Admissibility of Phyllis Bourque's Expert Testimony) [#65-3];
    - Also filed as Exhibit 8 to Defendant's Summary Judgment Motion [#70-7]
    - Also filed as Exhibit 41 to Defendant's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment [#92-10]
    - Also filed as Exhibit 48 to Plaintiff's Reply in Support of Plaintiffs' Motion for Partial Summary Judgment [#109-2]

- Defendant's Supplemental Interrogatory Responses (Exhibit 7 to Defendant's Motion Challenging the Admissibility of Phyllis Bourque's Expert Testimony) [#65-7];
    - Also filed as Exhibit 9 to Defendant's Summary Judgment Motion [#70-8]
    - Also filed as Exhibit 33 to Defendant's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment [#92-2]

- Check Stub (Exhibit 9 to Defendant's Motion Challenging the Admissibility of Phyllis Bourque's Expert Testimony) [#65-9];

- Rebuttal Expert Report M. Phyllis Bourque (Exhibit 6 to Defendant's Summary Judgment Motion [#70-5]);

- Nicole Miller Declaration (Exhibit 20 to Defendant's Motion for Summary Judgment) [#70-17];
    - Also filed as Exhibit 34 to Defendant's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment [#92-3]

- Defendants' Amended Responses and Objections to Plaintiffs' First Set of Interrogatories (Exhibit 5 to Plaintiffs' Partial Motion for Summary Judgment) [#75-1];

- August 2019 Royalty Payment Detail (Exhibit 19 to Plaintiffs' Partial Motion for Summary Judgment) [#75-6];

- Royalty Payment Detail for June 2020 Production Month (Exhibit 32 to Plaintiffs' Partial Motion for Summary Judgment) [#75-17];

- Exhibit 1 to Plaintiffs' Response in Opposition to Defendant's Motion to Exclude Plaintiffs' Expert [#80-1];

- Exhibit 37 to Defendant's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment [#92-6];

- Exhibit 38 to Defendant's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment [#92-7];

- Exhibit 39 to Defendant's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment [#92-8];

- Second Amendment to Base Contract for Crude Oil Gathering and Stabilization between Defendant and a non-party (Exhibit 40 to Defendant's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment) [#92-9]; and

- Declaration of Troy Davis [#92-11].


Dated: August 17, 2025