IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-01459-SKC-KAS

MIKE BOULTER, *et al.*,

        Plaintiffs,

v.

KERR-MCGEE OIL & GAS ONSHORE, LP,

        Defendant.

---

**ORDER RE: MOTIONS FOR DETERMINATION OF LAW (DKTS. 42 & 43)**

---

        This seemingly endless oil lease dispute stretches back over six federal lawsuits presided over by four different district court judges and three appeals to the Tenth Circuit. Plaintiffs filed the first of this litany of cases in April 2020.

        Now before the Court are the parties' competing Motions for Determination of Law regarding the effect of Colo. Rev. Stat. § 13-80-111—sometimes known as the remedial revival statute—on the parties' dispute. Dkt. 42 (Plaintiffs' motion); Dkt. 43 (Defendant's motion). Both motions are fully briefed. Dkt. 44 (Plaintiffs' response); Dkt. 45 (Defendant's response). The Court did not allow reply briefs.

        The Court has reviewed the briefing, the evidence, the relevant law, and the entire case file. No hearing is necessary. For the following reasons, the Court finds the statute of limitations on Plaintiffs' breach of contract claim began six years before

the initiating complaint in *Boulter V* (defined below) was filed, *i.e.,* six years before March 14, 2024.[1]

## STANDARD OF REVIEW

There is no procedural rule providing for a motion for determination of law, and therefore, these motions could be viewed as requesting either partial summary judgment or a partial declaratory judgment, or as a motion in limine. *Lebsack v. Rios*, No. 16-CV-02356-RBJ, 2017 WL 5444568, at *1 (D. Colo. Nov. 14, 2017); *see also Cole-Layer-Trumble Co. v. Bd. of Cnty. Comm'rs of Cherokee Cnty.*, No. CIV. A. 89-4077-S, 1991 WL 74251, at *3 n.1 (D. Kan. Apr. 11, 1991) ("The court notes that the Federal Rules of Civil Procedure do not provide for a 'motion for determination of questions of law.' The court has seen these motions before, which generally serve as a means of filing a summary judgment motion beyond the deadlines established for dispositive motions."). Here, however, the Court granted the parties leave to file their respective motions as motions for partial summary judgment. The Court thus entertains the Motions under Fed. R. Civ. P. 56.

## BACKGROUND

The issue is whether and how to apply Colo. Rev. Stat. § 13-80-111 (regarding the time to commence a new action after an involuntary dismissal) to the repeated chorus of six separate lawsuits in this District. Section 13-80-111(1) provides: "If an

---

[1] The parties each argue and agree the applicable statute of limitations is six years under Colo. Rev. Stat. § 13-80-103.5(1)(a). Dkt. 42, pp.5-7; Dkt. 43, p.7.

action is commenced within the period allowed by this article and is terminated because of lack of jurisdiction or improper venue, the plaintiff . . . may commence a new action upon the same cause of action within ninety days after the termination of the original action[.]" *Id.* The statute applies to all actions that are first commenced in federal court as well as those first commenced in the state court. *Id.* at § -111(2). The following lawsuits or appeals Plaintiffs filed are pertinent to the analysis and are summarized as follows:

| Date Filed/Dismissed | Case No. |
|---|---|
| filed: 04/10/2020[2]<br>dismissed: 02/17/2021 | 20-cv-00861-WJM-SBP (D. Colo.) (*Boulter I*) |
| filed: 05/17/2021<br>dismissed: 10/04/2021 | 21-cv-01346-RM-KLM (D. Colo.) (*Boulter II*) |
| filed: 10/08/2021 | 21-1384 (10th Cir.) (*Boulter II Appeal*) |
| filed: 12/30/2021<br>dismissed: 04/27/2022 | 21-cv-03500-RM-SKC (D. Colo.) (*Boulter III*) |
| filed: 05/25/2022 | 22-1170 (10th Cir.) (*Boulter III Appeal*) |
| filed: 07/26/2022<br>dismissed: 04/06/2023 | 22-cv-01843-DDD-KAS (D. Colo.) (*Boulter IV*) |
| filed: 04/13/2023 | 23-1118 (10th Cir.) (*Boulter IV Appeal*) |
| filed: 03/14/2024<br>severed: 05/22/2024 | 24-cv-00710-SKC-KAS (D. Colo.) (*Boulter V*) |
| complaint filed as ordered: 05/30/2024 | 24-cv-01459-SKC-KAS (*Boulter VI*)<br>(the instant case) |

Plaintiffs contend they filed *Boulter I* within the six-year statute of limitations. They further claim they filed each successive lawsuit in accordance with the remedial

---

[2] Plaintiffs originally filed *Boulter I* in March 30, 2020, but they added Defendant Kerr-McGee with an amended complaint filed April 10, 2020.

3

revival statute's 90-day requirement, thus tolling the six-year statute of limitations across their lawsuits from the inception of *Boulter I*.[3]

The genesis of this case began five years ago on April 10, 2020, when Plaintiffs filed a class action complaint against Defendant Kerr-McGee Oil & Gas Onshore LP and Noble Energy Inc. – *Boulter I*. Dkt. 42, p.1; Dkt. 43, p.1. In *Boulter I*, Plaintiffs alleged Kerr-McGee inappropriately deducted certain transportation costs related to moving oil through pipelines and breached the terms of applicable oil leases by underpaying royalties. *See generally Boulter I*, Dkt. 7. On February 17, 2021, Judge William J. Martinez dismissed *Boulter I* without prejudice because Plaintiffs had failed to exhaust their administrative remedies, thus depriving the federal court of subject matter jurisdiction. Dkt. 42, pp.1-2; Dkt. 43, p.2. Judge Martinez determined Colorado law required Plaintiffs to first file an application with the Colorado Oil and Gas Conservation Commission (Commission) to determine if a bona fide contract dispute existed that divested the Commission of jurisdiction. *Boulter v. Noble Energy Inc.*, 521 F. Supp. 3d 1077, 1086 (D. Colo. 2021).[4] No party appealed Judge Martinez's

---

[3] While Plaintiffs claim the statute of limitations began to run on April 1, 2014, the Court finds this is a typographical error, and they instead meant April 10, 2014 – six years prior to the date they filed their Amended Complaint in *Boulter I. See Boulter I*, Dkt. 7.

[4] A court may take judicial notice of things, including facts, that are in the public record. *Lucero v. City of Aurora*, No. 23-cv-00851-SKC-SBP, 2025 WL 661639, at *3 (D. Colo. Feb. 28, 2025) (citation omitted).

4

dismissal order. *Cf.* Dkt. 42, pp.1-2; Dkt. 43, p.1. Nor did Plaintiffs then attempt to exhaust their administrative remedies. *See* Dkt. 42, p.2.

Instead, on May 17, 2021, which was within 90 days of the *Boulter I* dismissal, Plaintiffs filed a new case – *Boulter II* – alleging substantially identical claims to *Boulter I. See Boulter v. Noble Energy, Inc.*, No. 21-cv-03500-RM-SKC, 2022 WL 1239323, at *1 (D. Colo. Apr. 27, 2022). And on October 4, 2021, Judge Raymond P. Moore dismissed *Boulter II* without prejudice because *Boulter I* had already determined that Plaintiffs had not exhausted their administrative remedies. *Id.*; Dkt. 42, p.2; Dkt. 43, p.3. While Plaintiffs appealed *Boulter II* to the Tenth Circuit, they still did not file a claim to start exhausting their administrative remedies. Dkt. 43, p.3.

Then, on December 30, 2021, Plaintiffs filed *Boulter III*, which they filed within 90 days of the *Boulter II* dismissal. Dkt. 42, p.2, Dkt. 43, p.3. As before, *Boulter III* again alleged substantially similar claims to *Boulters I* and *II. See Boulter*, 2022 WL 1239323, at *1. Judge Moore (yet again) dismissed *Boulter III*, without prejudice, on April 27, 2022, again finding *Boulter I* controlled. *Id.* Plaintiffs appealed this decision to the Tenth Circuit. Dkt. 42, p.2; Dkt. 43, p.3.[5]

The day after the district court issued its dismissal order in *Boulter III*, Plaintiffs *finally* applied to the Commission to start the process that would ultimately

---

[5] Ultimately, in a consolidated appeal, the Tenth Circuit affirmed the dismissals in *Boulters II* and *III*, explaining neither court had subject matter jurisdiction over the dispute. *Boulter v. Noble Energy Inc.*, 74 F.4th 1285, 1291 (10th Cir. 2023).

5

exhaust their administrative remedies.[6] Dkt. 42-1, p.2; Dkt. 43, p.4; Dkt. 44, p.5. They also subsequently filed yet another federal action – *Boulter IV* – on July 26, 2022, once again alleging substantially the same claims in their three previously dismissed lawsuits. Dkt. 42, p.3; Dkt. 43; p.3. And again, they filed their new lawsuit within 90 days of the previously dismissed action. On April 6, 2023, Judge Daniel D. Domenico dismissed *Boulter IV*. Dkt. 42, p.3; Dkt. 43, p.3. While Judge Domenico dismissed the action with prejudice, after appeal, the Tenth Circuit affirmed his dismissal but remanded with instructions to amend the dismissal to be without prejudice. Dkt. 42, p.3. On May 10, 2024, Judge Domenico entered an amended judgment that dismissed *Boulter IV* without prejudice. Dkt. 42, p.3.

Meanwhile, on November 7, 2023, the Commission issued a final order stating it did not have jurisdiction over the dispute, thus finally exhausting Plaintiffs' administrative remedies. Dkt. 42, p. 3; Dkt. 43, p.3.

---

[6] The Court is troubled by Plaintiffs' representation about when they first applied to the Commission. In their Motion, they state, "On April 14, 2022, Plaintiffs filed an application with the COGCC requesting a determination of whether the COGCC had jurisdiction over their breach of contract royalty underpayment claims." Dkt. 42, p.2. They cite to their verified application that states it was signed the same day. Dkt. 42-1, p.13. The Commission's opinion determining their application, however, states they did not file their application until April 28, 2022. Dkt. 3-1, p.2. Defendant also identifies the date of Plaintiffs' application as April 28. Dkt. 43, p.3. Plaintiffs then doubled down on their April 14 representation in their Response brief and failed to address the discrepancy. Dkt. 44, p.5. Taking judicial notice of the Commission's opinion, the Court finds Plaintiffs did not file their application until April 28, 2022, the day *after* the district court issued its dismissal order in *Boulter III*.

6

Plaintiffs then filed *Boulter V* on March 14, 2024. Dkt. 42, p.3; Dkt. 43, p.4. Defendant Kerr-McGee subsequently moved to sever Plaintiffs' claims against it from the other defendant in *Boulter V*, which Plaintiffs did not oppose. Dkt. 42, p.3, Dkt. 43, p.4. The undersigned granted that motion on May 22, 2024. Dkt. 42, p.3, Dkt. 43, p.4; *see also Boulter v. Noble Energy Inc.*, No. 24-cv-00710-SKC-KAS, Dkt. 33 (D. Colo. May 22, 2024). This Court then further ordered, in *Boulter V*, that the Clerk of Court initiate a new case between Plaintiffs and Kerr-McGee and terminate Kerr-McGee from *Boulter V*. And based on this Court's order in *Boulter V*, Plaintiffs filed their complaint in the instant case, which is now *Boulter VI*, on May 30, 2024. Dkt. 42, p.4, Dkt. 43, p.4.

## ANALYSIS

The parties agree on all the relevant facts; their disagreement is purely a legal one – how the Court should apply the Colorado remedial revival statute, Colo. Rev. Stat. § 13-80-111. This issue is ripe for review. Fed. R. Civ. P. 56(a) (Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *and see Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 249 (1986)) ("[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'").

7

Section 13-80-111 tolls the applicable statute of limitations for 90 days when a case is dismissed for lack of jurisdiction or improper venue. Colo. Rev. Stat. § 13-80-111(1). This allows a plaintiff to refile their case in the appropriate court. It provides: "If an action is commenced within the period allowed by this article and is terminated because of lack of jurisdiction or improper venue, the plaintiff . . . may commence a new action upon the same cause of action within ninety days after the termination of the original action[.]" Colo. Rev. Stat. § 13-80-111(1). The purpose of the statute is "to prevent minor or technical mistakes from precluding a plaintiff from obtaining his day in court and having his claim decided on the merits." *W. Colo. Motors, LLC v. Gen. Motors, LLC*, 444 P.3d 847, 851 (Colo. App. 2019) (quoting *Furnald v. Hughes*, 804 N.W.2d 273, 276 (Iowa 2011)).

Statutes of limitations force plaintiffs to pursue their claims in a timely fashion by barring those claims after a certain time, thus "[p]enalizing unreasonable delay." *Id.* at 854 (quoting *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996)). The remedial revival statute is a relief valve created by the Colorado legislature reflecting the "legislative intent to enable litigants to avoid hardships which might result from strict adherence to the provisions of statutes of limitations." *Sharp Bros. Contracting Co. v. Westvaco Corp.*, 817 P.2d 547, 551 (Colo. App. 1991) (citing *Soehner v. Soehner*, 642 P.2d 27, 28 (Colo. App. 1981)); *W. Colo. Motors*, 444 P.3d at 854.

8

A remedial statute like Colo. Rev. Stat. § 13-80-111 generally "must 'be liberally construed to accomplish its object.'" *Id.* at 852 (quoting *Mishkin v. Young*, 198 P.3d 1269, 1273 (Colo. App. 2008)). But the Court must "avoid constructions that would lead to illogical or absurd results." *Id.* (quoting *Pineda-Liberato v. People*, 403 P.3d 160, 164 (Colo. 2017)). Thus, "the remedy created by statutes like section 13-80-111 is . . . 'narrow and sharp, not broad and blunt.'" *Id.* at 855 (quoting *Furnald*, 804 N.W.2d at 283). To that end, "section 13-80-111 should be applied only where (1) plaintiffs have pursued their claims diligently and (2) defendants had knowledge of the claims." *Id.* (citing *Sharp Bros.*, 817 P.2d at 551). Further, the statute applies only when a court dismisses an action for lack of jurisdiction or improper venue. *SMLL, L.L.C. v. Peak Nat'l Bank*, 111 P.3d 563, 565 (Colo. App. 2005) ("However, § 13-80-111 does not apply where the original action is dismissed for reasons other than lack of jurisdiction or improper venue." (citing *Nguyen v. Swedish Med. Ctr.*, 890 P.2d 255 (Colo. App. 1995))).

Plaintiffs argue that each time the district court dismissed their action without prejudice, they diligently filed a new case within 90 days of those dismissals, thus tolling the statute of limitations under § 13-80-111.[7] Dkt. 42, pp.8-9. The burden is on Plaintiffs. *See Hoid v. FOX-31 News*, No. 24CV1229, 2025 WL 1419561, at *3 (Colo. App. May 15, 2025) ("[A] party who contends that the statute of limitations should be

---

[7] The second prong – notice to a defendant of the claims – is not at issue here as the parties do not contest that this element is satisfied. *See generally* Dkts. 42 & 43.

9

tolled has the burden to establish a basis for such tolling." (quoting *SMML, L.L.C. v. Peak Nat'l Bank*, 111 P.3d 563, 565 (Colo. App. 2005))). Defendant, on the other hand, contends the statute of limitations has not been tolled because (1) the Colorado remedial revival statute does not allow a plaintiff to stack successive 90-day periods by filing successive complaints as happened here, (2) Plaintiffs failed to diligently cure their jurisdictional defect by exhausting their administrative remedies, (3) § 13-80-111 does not apply when a plaintiff files its new action before the earlier action is finally terminated, and (4) three of Plaintiffs' earlier actions were allegedly not terminated for lack of subject matter jurisdiction, but rather, on issue preclusion grounds. Dkt. 43, pp.7-12.

Under the circumstances of this case, the Court finds Plaintiffs' acts of repeatedly filing a new case asserting the same claims within 90 days of a prior dismissal, without doing anything to remedy the obvious jurisdictional defect, does not fall within § 13-80-111. The Court further finds Plaintiffs failed to diligently pursue their claims with their inexplicable stalling on exhausting their administrative remedies.

The Colorado courts have clearly stated that a plaintiff is not limited to filing a single new case within the 90-day period. *Sharp Bros.*, 817 P.2d at 551 ("[W]e conclude that 'a new action' does not mean *one* new action." (emphasis in original)). Thus, a plaintiff may keep filing their action until they find the correct court. *See id.*

But the effort to file a new case must occur within the 90-day period. *Id.* at 551-52. The *Sharp Brothers* court explained:

> [O]ur conclusion is supported by the interpretation of similar statutes by courts in other jurisdictions holding that, if subsequent abortive attempts to find the proper court are not prosecuted in bad faith, the number of such attempts is immaterial *so long as the proper court is found before the grace period ends*.

*Id.* (emphasis added). Put differently, "while the statute creates leeway for a plaintiff to fix and refile claims that have been dismissed for lack of subject matter jurisdiction, *the mere act of refiling is not itself such a fix*." *W. Colo. Motors*, 444 P.3d at 852 (emphasis added). To be sure, a court's "lack of subject matter jurisdiction . . . cannot be remedied or avoided by a new process." *Id.* at 852-53.

Yet that is exactly what Plaintiffs attempted here – told by the *Boulter I* Court that they had not exhausted their administrative remedies and thus the Court lacked subject matter jurisdiction, Plaintiffs simply refiled their original claims in the *same court* in *Boulter II* and did nothing to exhaust their administrative remedies beforehand, and so on with the same *modus operandi* when filing *Boulters III* and *IV*. "The definition of insanity is doing the same thing over and over again and expecting a different result."[8] Indeed, Plaintiffs did not even initiate the exhaustion of their remedies until *after* the *Boulter III* Court issued its dismissal.

---

[8] While often, yet incorrectly, attributed to Albert Einstein, this famous phrase may have its origins in an Al-Anon meeting in 1981, a pamphlet for Narcotics Anonymous, or the novel *Sudden Death* by Rita Mae Brown. Regardless of its origin, as explained, Plaintiffs' conduct fits the phrase.

11

To be sure, Plaintiffs' proposal would toll the applicable statute of limitations for an additional over 1,000 days from the dismissal of *Boulter I*. This would swallow the statute of limitations and "lead to illogical [and] absurd results." *W. Colo. Motors*, 444 P.3d at 852 (quoting *Pineda-Liberato*, 403 P.3d at 164). The Court finds a plaintiff cannot keep filing successive lawsuits of the same action in the same jurisdictionally deficient court and thereby extend the statute of limitations *ad infinitum*. Doing so would nullify a statute of limitations and is contrary to the legislative intent to cut off litigation at some defined point. *W. Colo. Motors*, 444 P.3d at 854. "[S]ection 13-80-111 is not a means for skirting justiciability problems." *Id.* at 852.

Not only that, but the filing of successive claims of the same action in the same jurisdictionally deficient court is an absolute waste of judicial resources and disrespectful to the judicial process. As explained above, Plaintiff burned through four versions of the same case, three different district judges, four different magistrate judges, and three Tenth Circuit appeals, all *before* attempting to exhaust their administrative remedies to finally afford this Court appropriate jurisdiction. The scorched earth finally calmed in the now severed *Boulters V* and *VI*.

The Court also finds Plaintiffs failed to pursue their claims diligently. The Colorado courts explicitly require plaintiffs to diligently prosecute their claims to avail themselves of § 13-80-111's tolling. *Id.* at 855. While Plaintiffs summarily argue they diligently pursued their claims in this Court, they fail to specify the steps they took besides simply refiling the same case here over and over again. The Colorado

12

courts have already rejected the notion that simply refiling within 90 days is sufficient to demonstrate diligence:

> We first reject [plaintiff's] assertion that it demonstrated diligence merely by filing its new lawsuit within ninety days after the dismissal of its first complaint became final. The policies underpinning Colorado's statutes of limitation demand more.

*Id.*

Plaintiffs further argue that their failure to attempt to exhaust their administrative remedies is excusable because doing so would have been futile. Dkt. 44, pp.5-6. The Court understands that Colorado does not toll statutes of limitations pending resolution of administrative remedies. *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 149 (Colo. 2007) (bad faith tort claims not equitably tolled by workers' compensation proceeding); *see also* Dkt. 44 (Plaintiffs' Response), p.6 ("There is no Colorado case law which states that the statute of limitations is tolled by filing an administrative action."). The Colorado supreme court explains, "[s]evering a . . . claim from an administrative proceeding furthers the statutes of limitations' goals of promoting justice, preventing unnecessary delay, and avoiding the litigation of stale claims." *Broduer*, 169 P.3d at 150). But the fact that Colorado does not toll statutes of limitations under these circumstances is no excuse.

First, the *Boulter I* Court explicitly told Plaintiffs they had failed to exhaust their administrative remedies. There could be no clearer directive to start an administrative process than what the court said in *Boulter I*. And second, doing so would not necessarily have been futile; a solution is for a plaintiff to file their lawsuit

13

and then seek a stay of the lawsuit pending resolution of its administrative proceedings. *W. Colo. Motors*, 444 P.3d at 855 ("or even filing an entirely new, timely complaint and having it stayed pending the outcome of its statutory claim"). Indeed, Plaintiffs never sought a stay of any of *Boulters I-IV* and did not even start the administrative remedy process until the day after the *Boulter III* Court dismissed that case. And they did not exhaust those remedies until after the *Boulter IV* Court dismissed that case and it was on appeal to the Tenth Circuit. In short, until they filed *Boulter V*, Plaintiffs failed to diligently pursue their claims. *See also Harper v. Biolife Health& Wellness, LLC*, No. 20-cv-1681-WJM-NRN, 2022 WL 4103295, at *6 (D. Colo. Sept. 8, 2022) ("Ensuring that the remedial revival statute is not invoked by a plaintiff who has slept on its rights . . . will prevent section 13-80-111 from swallowing entirely the ordinary restrictions of a statute of limitation"). Thus, the Court finds Plaintiffs' repeated filings of obvious jurisdictionally deficient complaints did not satisfy Colo. Rev. Stat. § 13-80-111 and thus did not toll the statute of limitations.

The Court, however, disagrees with Defendant that the statute of limitations in *Boulter VI* must be calculated from the filing date of its complaint. Rather, in *Boulter V*, Plaintiffs filed the complaint on March 14, 2024, naming two defendants – Noble Energy Inc. and Defendant. *Boulter v. Noble Energy Inc.*, No. 24-cv-00710-SKC-KAS, Dkt. 1 (D. Colo. Mar. 14, 2024). This Court severed that case resulting in the instant case as *Boulter VI*. Notably, Defendant asked the Court to sever Plaintiffs'

14

claims against it into a separate action; it did not seek its dismissal from *Boulter V*. And the Court ordered that relief, stating "Plaintiffs' claims against Kerr-McGee Oil & Gas Onshore, LP shall be severed into a separate civil action proceeding under a separate case number." *Id.* at Dkt. 33. Further, the Court ordered Plaintiffs to then "file amended complaints in each action reflecting only the allegations against the sole Defendant." *Id.*

"[W]hen a court 'severs' a claim against a [party] under Rule 21, the suit simply continues against the severed [party] in another guise." *Corley v. Google, Inc.*, 316 F.R.D. 277, 293 (N.D. Cal. 2016) (quoting *DirectTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006)). "The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period." *Id.* (quoting *DirectTV*, 467 F.3d at 845). In short, Defendant here was never dismissed, and while *Boulter VI* has a separate case number and its docket begins on May 22, 2024, *Boulter VI* is simply a continuation of *Boulter V*. Thus, the Court finds the agreed upon statute of limitations began six years before the initiating complaint in *Boulter V* was filed, *i.e.,* six years before March 14, 2024.[9]

\*   \*   \*

For the reasons shared above, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for Determination of Law (Dkt. 42) and Defendant's Motion

---

[9] Having determined Colo. Rev. Stat. § 13-80-111 does not toll the statute of limitations, the Court does not consider Defendant's other arguments.

15

for Determination of Law (Dkt. 43). The Court FURTHER ORDERS the six-year statute of limitations began to run March 14, 2018, six years prior to the filing of Plaintiffs' complaint in *Boulter V* on March 14, 2024.

DATED: September 12, 2025.

BY THE COURT:

S. Kato Crews
United States District Judges

16