IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-01459-SKC-KAS

MIKE BOULTER, *et al.*,

    Plaintiffs,

v.

KERR-MCGEE OIL & GAS ONSHORE, LP,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO CERTIFY AN INTERLOCUTORY APPEAL (DKT. 56)**

---

The above-referenced Motion is now before the Court. The Motion (Dkt. 56) seeks certification of an interlocutory appeal to the Tenth Circuit of the Court's March 18, 2025 Order (Dkt. 47) denying Defendant Kerr-McGee Oil & Gas Onshore, LP's Motion to Dismiss (Dkt. 8). Plaintiffs filed their opposition to the Motion, and Defendant filed a reply. Dkts. 60 (opposition) and 68 (reply). Because Defendant has not met its burden under 28 U.S.C. § 1292(b), the Motion is DENIED.[1]

---

[1] The parties should be well-familiar with the relevant facts of this case. The Court, therefore, does not recount them here.

1

## LEGAL PRINCIPLES

Under 28 U.S.C. § 1292(b),

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, [t]hat application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

*Id.* (italics removed). Three criteria, therefore, must be satisfied before a district court may certify an order for interlocutory appeal in a civil action: (1) the order must involve a "controlling question of law;" (2) there must be "substantial ground for difference of opinion;" and (3) it must be shown that immediate appeal "may materially advance the ultimate termination of the litigation." *Id.*; *see also Equal Emp. Opportunity Comm'n v. JBS USA, LLC*, No. 10-cv-02103-PAB-KLM, 2019 WL 4778796, at *4 (D. Colo. Sept. 30, 2019).

A district court has discretion to determine whether to certify an order for interlocutory appeal. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals."). Interlocutory appeals, however, are traditionally disfavored. *See Gelder v. Coxcom Inc.*, 696 F.3d 966, 969 (10th Cir. 2012). A district court will only certify an issue for appeal under § 1292(b) in exceptional circumstances. *See*

2

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) ("Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for exceptional cases . . . ." (quotations omitted)).

## ANALYSIS

Defendant argues in its Motion that this Court's earlier Order (Dkt. 47) was wrong because (1) it found the royalty provisions in the disputed contracts were ambiguous, and (2) the Court should have addressed whether and how to apply the implied covenant to market doctrine, despite the Court's finding that doing so was unnecessary. The Court finds the Motion is moot. Defendant effectively makes the same arguments in its Motion for Summary Judgment (MSJ). *See* Dkt. 69. And it concedes as much when it notes that its MSJ is potentially mooted if the Court were to grant the present Motion. *Id.* at p.1 n.1.

But even if the Court were to consider the merits of the Motion, it would still deny it. First, the Motion seeks a disfavored type of relief. *See Gelder*, 696 F.3d at 969. Second, Defendant fails to carry its burden to show that a controlling question of law is at issue. "[T]he phrase 'question of law,' as used in 28 U.S.C. § 1292(b), does not refer to a particular application of facts to the law, but rather 'has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine.'" *In re Richard D Van Lunen Charitable Found.*, No. 22-cv-02309-REB, 2023 WL 4706758, at *3 (D. Colo. July 24, 2023) (quoting *Ahrenholz v Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674-676 (7th Cir. 2000)). "[T]he question of the

3

meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind . . . ." *Id.* (quoting *Ahrenholz*, 219 F.3d at 676). "'Question of law' means an abstract legal issue." *Id.* (citing *Ahrenholz*, 219 F.3d at 677). Defendant's purported controlling question of law is nothing more than a disagreement over the interpretation of contract terms. Thus, even if not mooted, the Court would deny the Motion for failing to establish the conditions required for an interlocutory appeal.

The Motion (Dkt. 56) is DENIED.

Dated: September 12, 2025.

BY THE COURT:

_____

S. Kato Crews
United States District Judge